Filed 4/18/13  P. v. Huff CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>RICKEY SPENCER HUFF,<br><br>        Defendant and Appellant. | B242412<br><br>(Los Angeles County<br>Super. Ct. No. KA087242) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho and Wade D. Olson, Judges.

        California Appellate Project, Jonathan B. Steiner and Dee A. Hayashi, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Defendant and appellant, Rickey Spencer Huff, appeals from the judgment entered following his plea of no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and his admission that he previously had been convicted of robbery (§ 211) within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The trial court sentenced Huff to six years in prison and awarded him a total of 87 days of presentence custody credit.  On August 23, 2010 and again on May 30, 2012, Huff filed petitions in the trial court in which he asserted he was entitled to additional presentence credits.  The trial court denied the petitions.  We affirm (§ 1237.1; Cal. Rules of Court, rule 8.304(b)(4)(B)).

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[2]

On June 17, 2009, Huff went to the home of his ex-wife and broke into the residence.  When his ex-wife came down the stairs and saw Huff in the living room, she told him to leave.  Huff, however, did not leave and instead forced his ex-wife onto the couch and attempted to remove her shorts.  Although Huff was "extremely violent," his ex-wife resisted and was ultimately able to break free of his hold.  When she started to run up the stairs, Huff pulled out a knife and chased her.  She, however, with the assistance of her son, was able to call 911.  When she did so, Huff fled.  He was later apprehended at a different location.

---

[1]　　All further statutory references are to the Penal Code unless otherwise indicated.

[2]　　The facts have been taken from the probation report.

2

2. *Procedural history.*

In a felony complaint filed on June 19, 2009, Huff was charged with first degree burglary with a person present (§ 459) (count 1); assault with the intent to commit rape, sodomy, oral copulation or another specified offense in the course of a first degree burglary (§ 220, subd. (b)) (count 2); assault with a deadly weapon (§ 245, subd. (a)(1)) (count 3); disobeying a domestic relations court order (§ 273.6, subd. (d)) (count 4); and inflicting corporal injury on a spouse, cohabitant or a child's parent (§ 273.5, subd. (a)) (count 5). It was further alleged as to counts 1 through 5 that Huff previously had been convicted of two felonies which precluded a grant of probation (§ 1203, subd. (e)(4)), had been convicted of and served prison terms for four felonies within the meaning of section 667.5, had suffered one prior felony conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and, with regard to counts 1 to 3, had suffered a prior conviction for a serious felony within the meaning of section 667, subdivision (a)(1).

At proceedings held on August 4, 2009, the trial court was informed that a disposition had been reached. Huff was to plead no contest to assault with a deadly weapon as alleged in count 3 and admit that he previously had been convicted of robbery pursuant to the Three Strikes law. In exchange, the trial court was to sentence Huff to six years in state prison.[3]

---

[3] The prosecutor informed Huff that the maximum term he "could have received in this case as charged was life plus 26 years." Huff was also advised that, in addition to the sentence imposed, there would be a "restraining order for 10 years." He was to have no

3

The prosecutor advised Huff of his right to a preliminary hearing, a court trial and a jury trial, his right to confront and cross examine the witnesses against him, his right to subpoena witnesses to testify in his defense and his right to remain silent. After waiving those rights, Huff pled no contest to the assault alleged in count 3 (§ 245, subd. (a)(1)) and admitted that he previously had been convicted of robbery (§ 211) within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court accepted the plea and admission and found that they had been freely and voluntarily made. The court found Huff guilty "based upon [the] plea and admission as to count 3 and count 3 only, and [found] true . . . one prior conviction under [section] 1170.12[, subdivisions] (a) through (d), as well as [section] 667[, subdivisions] (b) through (i)."

After Huff waived arraignment for judgment and sentencing and indicated there was no legal cause why sentence should not be pronounced, the trial court denied probation and imposed the mid-term of three years in state prison for his conviction of assault with a deadly weapon, then doubled the term to six years pursuant to the Three Strikes law. The court awarded Huff presentence custody credit for 59 days actually served and 28 days of good time/work time, for a total of 87 days.

"personal, telephonic, electronic or written contact with" the victim in this matter, his ex-wife. Finally, the prosecutor informed Huff, who was on misdemeanor probation, that entry of his plea would amount to a violation of that probation. The trial court, however, indicated that it was not going to add any additional time for the violation. The court stated, "I'll just revoke your probation, essentially terminate it without the benefit of dismissal."

4

The court ordered Huff to pay a $200 restitution fine (§ 1202.4, subd. (b)), a stayed $200 parole revocation restitution fine (§ 1202.45), a $20 court security fee (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373). In addition, Huff was to "pay a $400 domestic violence fund fine" and "restitution to the victim" pursuant to section 1202.4, subdivision (f) in an amount to be determined at a later date. After imposing the fines, the trial court dismissed the remaining counts and allegations.

In a document filed on August 23, 2010, Huff, acting in propria persona, made a "motion for time credits pursuant to . . . § 4019." Huff indicated that he had been convicted on August 4, 2009 and he believed that he had not received all of the presentence credits to which he was entitled. The trial court considered, then denied the motion on August 23, 2010. The court indicated that, "[a]fter review of the legal file," it had found "that proper credits were given." [4]

---

[4] In 2009, when Huff was convicted of the crime alleged, subdivision (f) of section 4019 provided that "[i]t [was] the intent of the Legislature that if all days [were] earned under this section, a term of six days [would] be deemed to have been served for every four days spent in actual custody." In 2010, subdivision (f) of section 4019 still provided that "[i]t [was] the intent of the Legislature that if all days [were] earned under this section, a term of six days [would] be deemed to have been served for every four days spent in actual custody." It was not until 2011 that subdivision (f) of the statute was amended to read: "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody." In addition, subdivision (h) of the revised statute provided that the changes would "apply prospectively" to prisoners whose crime was committed "on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, [were to] be calculated at the rate required by the prior law."

In a petition filed on May 30, 2012, Huff, again acting in propria persona, again claimed he was entitled to additional presentence custody credits. He indicated that pursuant to sections 2900.5[5] and 4019, 118 days of presentence custody credit should have been applied against his sentence. On the same day, May 30, 2012, the trial court denied the petition. The court indicated that the petition was being denied "for the same reason given on 08/23/2010. The court finds that the proper credits were given."

In a document filed on June 28, 2012, Huff, again acting in propria persona, indicated that he was "formally requesting . . . an appeal on the decision from the hearing in this courtroom on May 30, 2012, denying [his] petition to grant pre-sentence conduct and custody credits."

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed January 4, 2013, the clerk of this court advised Huff to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

---

[5] Section 2900.5 essentially provides that a prisoner shall receive credit for any time spent in custody.

6

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                              CROSKEY, J.


We concur:


        KLEIN, P. J.




        KITCHING, J.